HALL, Judge,
dissenting.
My study of this appeal leads me to a conclusion contrary to that of the majority; I would reverse and hold that prescription was interrupted by production by Sanders’ lessee of gas from the two wells located on the property affected by the servitude.
GMB Gas Corp. v. Cox, 340 So.2d 638 (La.App. 2d Cir. 1976), relied on by the majority, was a contest between the lessee of one co-owner of a single mineral servitude and the other co-owner of the servitude. The case held that under Article 175 of the Mineral Code, LSA — R.S. 31:1 et seq., as well as under law prior to the Code, one co-owner of a mineral servitude may not conduct operations on the property subject to the servitude without the consent of the other co-owner. The co-owner of the servitude who had not leased (Cox) was granted an injunction against the lessee of the other co-owner (Sanders) forbidding further operations by the lessee on any part of the 400-acre tract subject to the servitude.
The fact that Cox was the owner of part of the land affected by the servitude was not an issue in the case and Cox’s rights as landowner were not involved in any way.
The present suit is by Cox as landowner against Sanders as one of the co-owners of the servitude to have the servitude declared prescribed by 10 years nonuse. I believe that the production from the wells (which were apparently drilled prior to 1965 by a prior lessee of all the mineral owners) on the property affected by the servitude from 1972 to 1976 by one of the co-owners of the servitude constituted a use of the servitude and interrupted prescription, preventing the extinction of the servitude.
Article 29 provides that the prescription of nonuse running against a mineral servitude is interrupted by good faith operations for the discovery and production of minerals. The operations here were in good faith as defined in Article 29, having been com *1262 menced with reasonable expectation of discovering and producing minerals in paying quantities. Article 36 provides that prescription of nonuse is interrupted by the production of any mineral covered by the acts creating the servitude. Here there was production for several years and, under the article,, prescription commenced anew from the date of cessation of actual production. Article 42 provides that except as provided in Articles 44 through 52, use of a mineral servitude must be by the owner of the servitude, his representative or employee, or some other person acting on his behalf. Here the use was by the lessee of one of the co-owners of the servitude acting on behalf of the co-owner of the servitude. Under Article 174 the co-owner’s use inured to the benefit of the other co-owner, even though that co-owner did not consent to the operations and later enjoined continued operations. “If it should happen that one co-owner acts without consent of the other, the operations nevertheless will inure to the benefit of both under Article 174.” Comment following Article 175.
Article 175, the basis for the decision in GMB Gas Corp. v. Cox, supra, does not control the determination of the instant case. Article 175 has to do with rights as between co-owners of a mineral servitude. The instant suit is not between co-owners of a mineral servitude, as such, but is between a landowner and a servitude owner who only coincidentally are also co-owners of the servitude, an unusual situation possible only because of the special provisions of Article 67 relative to partitions.
Wells were produced on the property subject to the servitude by a co-owner of the servitude for several years. As to the landowner, this should be sufficient to interrupt prescription running against the servitude. Sanders’ dispute with his servitude co-owner should have nothing to do with the landowner’s rights and does not change the fact that minerals were produced from the property, which interrupted prescription under the plain provisions of the Mineral Code.
Lowry v. MRT Exploration Co., 382 So.2d 1034 (La.App. 2d Cir. 1980), writ refused 385 So.2d 793 (La.1980), lends support to this conclusion. A landowner sued the owners of a servitude claiming that a well drilled by a co-owner of the servitude interrupted prescription only as to that co-owner’s undivided interest. This court held that the drilling of a well by one of the co-owners of a single mineral servitude interrupted prescription to the benefit of all co-owners of the servitude. See also Hodges v. Norton, 200 La. 614, 8 So.2d 618 (1942).
I respectfully dissent.